## Commonwealth v. Salsgiver

*Darlee Sill, assistant district attorney*, for the Commonwealth.

*Thomas Dickey*, for defendant.

SMITH, *J.*, February 27, 1987—By criminal complaint filed on May 22, 1986, Gary Dale Salsgiver (hereinafter defendant) was charged with violations of the Controlled Substance, Drug, Device and Cosmetic Act[1], and two counts of Receiving Stolen Property.[2] District Justice William G. Camberg set bail at $30,000, with security to be posted on a percentage basis.[3] Upon posting the requisite cash bail,[4] defendant executed the "Certification of Bail And Discharge,"[5] acknowledging his legal responsibility for the full amount of bail, and

---

1. 35 P.S. §780-113(a) (30) and 35 P.S. §780-113(a) (16).
2. 18 Pa.C.S. §3925.
3. Blair County has implemented a 10 percent cash bail provision pursuant to Pa.R.Crim.P. 4006(c).
4. The bail piece indicates that security was actually posted by Betty Weaver.
5. That document is designated AOPC 412-82, a form prescribed by the Administrative Office of Pennsylvania Courts.

binding him to the conditions of bail which, inter alia, included the following condition of release:

"Def. shall conduct his or herself as a peaceful law abiding citizen at all times while under this bond . . . ."

Subsequent to his release on bail, defendant was charged with the summary offense of harassment.[6]

The victim was alleged to have been one Monica Logan whom the Commonwealth has characterized as its "key witness" in the above-captioned prosecution. Defendant has not challenged this characterization.[7] Defendant was adjudicated guilty of this charge following trial before the magistrate.[8] However, in his very lucid and well-reasoned opinion in Commonwealth v. Ramsey, 19 D. & C. 3d 156, 161 (1981), our distinguished colleague, the Honorable R. Bruce Brumbaugh, held that:

"in order to obtain a decree or declaration of bail revocation for violation of a "good behavior" condition based upon subsequent criminal conduct, the Commonwealth must produce at the show-cause hearing either (a) proof that defendant has been convicted thereof after trial, (b) proof that defendant has entered a plea of guilty thereto, or (c) proof by a preponderance of the evidence that defendant committed the alleged criminal offense."

---

6. 18 Pa.C.S. §2709.

7. We note that no testimony was taken at the show cause hearing held February 6, 1987, on the Commonwealth's Petition for Revocation of Bail. Counsel at that time stipulated to all matters which constitute the record upon which we now proceed, including the factual averments contained within paragraphs 1-4 of the Commonwealth's petition.

8. Defendant appealed from this guilty verdict to the court of common pleas, which appeal (we judicially note) was dismissed after he failed to appear for trial de novo before this judge on February 17, 1987. Commonwealth v. Salsgiver, Pe-

Unlike the circumstances of Ramsey where subsequent criminal charges had merely been instituted, we are confronted instantly with clear proof — unrebutted at the show-cause hearing — that defendant was *convicted* of a criminal charge arising out of an incident that occurred after he posted bail. The question before us, then, is whether a defendant's conviction on a summary offense occurring after his release on bail may constitute violation of a "good behavior" condition sufficient to revoke bail. Defendant contends that the summary conviction in the instant case does not warrant revocation. We disagree.

Our research has failed to yield a single reported decision of any court of this Commonwealth addressing the issue before us.[9] We do find, however, that the Pennsylvania Rules of Criminal Procedure provide substantial guidance.

Defendant makes no attack upon the "good behavior" condition itself, nor upon its harmony with Pa.R.Crim.P. 4013. He simply argues that the lack of severity attendant to a summary conviction does not warrant the harsh sanction of bail revocation. He fails to take account, however, of the particular facts that led to that conviction.

We are not confronted with a subsequent citation under the Vehicle Code nor with anything similarly unrelated to the above-captioned prosecution. We are faced with a verdict of guilt founded upon defen-

tition No. 128 of 1986. No adverse inference is drawn from defendant's failure to appear for that proceeding — nor would it be proper to do so — since the decision to prosecute or not to prosecute that appeal was clearly his election.

9. Judge Brumbaugh has indicated, in dictum, that Ramsey does not "preclude revocation based upon trial for and conviction of a summary offense by a magistrate . . . ." Commonwealth v. Ramsey, supra, 19 D.&C. 3d at 160, fn.4.

dant's harassment while on bail of the prosecution's key witness. Although this defendant has not been charged with violating 18 Pa.C.S. §4952 (relating to intimidation of witnesses or victims), or 18 Pa.C.S. §4953 (relating to retaliation against witnesses or victims), the language of Pa.R.Crim.P. 4013(e) makes it abundantly clear that crime victims and witnesses in judicial proceedings are as near to being sacrosanct as anything in our system of justice. The harrasment or molestation of them by a criminal defendant, while on bail, attacks the sanctity and the very integrity of that system because it places at risk the production of evidence essential to a court's fact-finding function. Such conduct cannot be tolerated under our criminal laws, nor may defendants admitted to bail abuse their pre-trial freedom by actions that may reasonably be interpreted as an attempt to pervert the fair administration of justice.

We do not suggest that every conviction for a summary offense occurring after the posting of bail affords a basis for bail revocation. We do hold, however, that such a conviction may warrant revocation where it constitutes a clear breach of the peace and where, as here, the victim has some connection with the criminal episode that led to the, charges upon which bail was set.

Accordingly, we enter the following

## ORDER

And now, this February 27, 1987, the Commonwealth's petition for revocation of bail is hereby granted, and it is hereby ordered and directed that the bail previously set for Gary D. Salsgiver is revoked, effective immediately.